UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
VOX AMPLIFICATION LTD, KORG INC. and
KORG USA, INC.,

                      Plaintiffs,

           v.

JACK CHARLES MEUSSDORFFER and
PHANTOM GUITAR WORKS INC. a/k/a
PHANTOM GUITAR WORKS,

                      Defendants.
---------------------------------------------------------------X

**ECF CASE**

**2:13-CV-04922-ADS-GRB**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' FIRST AMENDED COUNTERCLAIM

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................II

INTRODUCTION ................................................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................... 2

LEGAL STANDARD........................................................................................................................... 3

ARGUMENT ........................................................................................................................................ 4

    I.       The Counterclaim is Barred by Laches................................................................. 4

    II.      PGW Has Failed Adequately to Plead Infringing Use or Likelihood of
           Confusion For Its Trademark Infringement Claims............................................. 7

    III.     PGW Has Failed to Plead the Required Elements of an Unregistered Trade
           Dress Claim in Respect of the 1998 Guitars........................................................ 10

    IV.     PGW Has Not Stated a Claim for Common Law Unfair Competition................ 10

CONCLUSION................................................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................................3

*Carson Optical, Inc. v. Prym Consumer USA, Inc.*,
    No. CV 11-3677 (ARL), 2013 WL 1209041 (E.D.N.Y. Mar. 25, 2013) ........................ *passim*

*Empresa Cubana del Tabaco v. Culbro Corp.*,
    399 F.3d 462 (2d Cir. 2005)....................................................................................................11

*Eppendorf-Netheler-Hinz GmbH v. Enterton Co.*,
    89 F. Supp. 2d 483 (S.D.N.Y. 2000)........................................................................................4

*Fitzpatrick v. Sony-BMG Music Entm't, Inc.*,
    No. 07 Civ. 2933 (SAS), 2008 WL 84541 (S.D.N.Y. Jan. 8, 2008)..........................................5

*Ghartey v. St. John's Queens Hosp.*,
    869 F.2d 160 (2d Cir. 1989)......................................................................................................4

*Haggar Int'l Corp. v. United Co. for Food Indus. Corp.*,
    906 F. Supp. 2d 96 (E.D.N.Y. 2012) ........................................................................................5

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)....................................................................................................3, 4

*L. & J.G. Stickley, Inc. v. Canal Dover Furniture Co.*,
    79 F.3d 258 (2d Cir. 1996)........................................................................................................9

*Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*,
    702 F. Supp. 2d 104 (E.D.N.Y. 2010) ......................................................................................7

*McKenna v. Wright*,
    386 F.3d 432 (2d Cir. 2004)......................................................................................................4

*RBC Nice Bearings, Inc. v. Peer Bearing Co.*,
    410 F. App'x 362 (2d Cir. 2010) ..............................................................................................5

*Reynoso v. All Foods, Inc.*,
    908 F. Supp. 2d 330 (E.D.N.Y. 2012) (Spatt, J.).....................................................................3

*Ruotolo v. City of N.Y.*,
    514 F.3d 184 (2d Cir. 2008).....................................................................................................3

*Solow Bldg. Co. v. Nine West Grp., Inc.*,
 48 F. App'x 15 (2d Cir. 2002) ..................................................................................................6

*Solow Bldg. Co. v. Nine West Grp., Inc.*,
 No. 00 civ 7685 (DC), 2001 WL 736794 (S.D.N.Y. June 29, 2001) ........................................4

*Urban Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*,
 No. 12 Civ. 3599, 2013 WL 866867 (S.D.N.Y. Mar. 8, 2013) ...............................................10

*Vaad L'Hafotzas Sichos, Inc. v. Kehot Publication Soc.*,
 935 F. Supp. 2d 595 (E.D.N.Y. 2013) ......................................................................................5

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 1114 ............................................................................................................................3, 7

15 U.S.C. § 1125(a) ................................................................................................................ passim

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................1, 3

Federal Rule of Civil Procedure 12(d) ............................................................................................1

Plaintiffs/Counter Defendants Vox Amplification Ltd, Korg, Inc., and Korg USA, Inc. (collectively, "Korg" or "Vox"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion to Dismiss the First Amended Counterclaim of Defendants/Counterclaimants Jack Charles Meussdorffer and Phantom Guitar Works, Inc. (collectively, "PGW") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

In its First Amended Counterclaim, PGW alleges that Korg infringed PGW's purported trade dress rights in the body shape of two types of guitar (the "PGW Guitar Design Marks"), and also seeks relief for Korg's use of its purported TEARDROP and PHANTOM word marks ("PGW Word Marks") associated with the aforementioned guitar body shapes (collectively, the "PGW Marks").  However, like PGW's original Counterclaim, the First Amended Counterclaim fails to state a claim upon which relief can be granted for multiple reasons.

First, it is clear from the face of the First Amended Counterclaim that the doctrine of laches presumptively applies to bar recovery.  PGW seeks relief from Korg for allegedly infringing sales of guitars dating back 15 years, to 1998.  Having slumbered on its rights for so long, PGW alleges no plausible basis to avoid application of laches.  PGW's First Amended Counterclaim must be dismissed in its entirety.

Second, PGW has failed adequately to allege infringing use or likelihood of confusion. As to the PGW Word Marks, PGW merely alleges that Korg's "advertising . . . uses" the PGW Word Marks, but never sets forth a single fact to show infringing use.  Similarly, PGW alleges "likelihood of confusion" only in a purely boilerplate fashion, with no facts whatsoever to even attempt to clear the "plausibility" bar set by *Twombly/Iqbal*.

Third, at least two counts in PGW's First Amended Counterclaim are defective for other reasons.  PGW has not pled the required elements of a claim under 15 U.S.C. § 1125(a) and state

law for infringing use of PGW's purported trade dress prior to its registration, and PGW has not pled bad faith as required to state a claim of New York common law unfair competition.

Accordingly the motion should be granted. Further, since PGW already had a chance to address these defects when it amended its counterclaim (thereby mooting Korg's original motion to dismiss, which raised these same arguments), dismissal should be with prejudice.

## STATEMENT OF FACTS

On September 3, 2013, Korg, whose predecessor sold the "Phantom" and "Teardrop" guitars under the VOX name that became well-known in the 1960s, filed this action seeking a declaration of non-infringement against PGW with respect to PGW's purported TEARDROP and PHANTOM word marks ("PGW Word Marks") and purported trade dresses associated with those guitars ("PGW Guitar Design Marks") (collectively, "PGW Marks"). Dkt. 1. The action also seeks cancellation of PGW's registrations and relief for tortious interference. *See id*.

PGW filed its original Answer and Counterclaim on October 15, 2013. Dkt. 8. Korg filed a motion to dismiss the original Counterclaim on November 8, 2013. Dkt. 23. In response, on November 18, 2013, PGW filed its First Amended Counterclaim alleging trademark infringement, which is the subject of the instant motion. Dkt. 25.

PGW's First Amended Counterclaim alleges that it began selling replicas of "Phantom" and "Teardrop" guitars in 1993, First Am. Countercl. ¶ 10-13, 16-17, and that Korg began infringing in 1998. First Am. Countercl. ¶ 36. Specifically, PGW alleges that in 1998, Korg issued guitars "incorporating body shapes identical or substantially similar to the" PGW Guitar Design Marks, First Am. Countercl. ¶ 36, and then alleges Korg issued guitars in 2007 and 2012, and a ukulele in 2013, each likewise "incorporating body shapes identical or substantially similar to the" PGW Guitar Design Marks. *Id*. ¶¶ 40, 45, 49. PGW's lone allegations regarding the

2

PGW Word Marks is that Korg used the PGW Word Marks in its advertising in 2012 and 2013. First Am. Countercl. ¶ 46, 50.

PGW alleges that it was aware of each of these instances of use in question, stating that it sent "cease and desist" letters or otherwise "police[d]" its marks after each of the four releases. *Id.* ¶¶ 37, 41, 47, 51. PGW does not allege that Korg ever complied with its demands, nor does it allege it ever filed any legal action to protect its claimed rights.

Based upon the alleged wrongful conduct, namely Korg's purported infringement of PGW's claimed rights in 1998, 2007, 2012 and 2013, PGW asserts four claims for relief: (1) trademark infringement under 15 U.S.C. § 1114, First Am. Countercl. ¶¶ 54-60; (2) false designation of origin and unfair competition under 15 U.S.C. § 1125(a), Fist Am. Countercl. ¶¶ 61-64; (3) common law trademark infringement under New York law, First Am. Countercl. ¶¶ 65-69; and (4) common law unfair competition under New York law, First Am. Countercl. ¶¶ 70-72. PGW does so based on its claim of sale of "Korg's Infringing Goods," First Am. Countercl. ¶¶ 55, 62, 66, and on the alleged wrongful conduct and unlawful actions described earlier in the First Amended Counterclaim. First Am. Countercl. ¶¶ 55-56, 63, 66, 71.

## LEGAL STANDARD

"Under the now well-established *Twombly* standard, 'to survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face.'" *Reynoso v. All Foods, Inc.*, 908 F. Supp. 2d 330, 336 (E.D.N.Y. 2012) (Spatt, J.) (quoting *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Post-*Twombly*, the Second Circuit has looked to two principles in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Reynoso*, 908 F. Supp. 2d at 336 (citing *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009)). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to

3

legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by a mere conclusory statement, do not suffice.'" *Harris*, 572 F.3d 66, 72 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief . . . will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## ARGUMENT

### I. The Counterclaim is Barred by Laches

Because the First Amended Counterclaim shows on its face that laches presumptively applies as a bar to PGW's fifteen-year-old claims, those claims should be dismissed.

#### A. The Presumption Applies.

Laches is "available against both Lanham Act claims and New York state law claims of trademark infringement and unfair competition . . . [to] bar both injunctive relief and damages." *Eppendorf-Netheler-Hinz GmbH v. Enterton Co.*, 89 F. Supp. 2d 483, 485 (S.D.N.Y. 2000) (quoting *Harley-Davidson, Inc. v. O'Connell*, 13 F. Supp. 2d 271, 279 (N.D.N.Y. 1998)). In that regard, while laches is usually raised as an affirmative defense, the Second Circuit has held that an affirmative defense may be raised on a motion to dismiss as long as it is based on the facts alleged in the complaint. *See McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *see also Solow Bldg. Co. v. Nine West Grp., Inc.*, No. 00 civ 7685 (DC), 2001 WL 736794, at *3 (S.D.N.Y. June 29, 2001).

Normally, to prevail on a laches defense, the defendant must show that: (1) the plaintiff had knowledge of the defendant's allegedly infringing use of its marks; (2) that the plaintiff inexcusably delayed in taking action to enforce its rights; (3) that the defendant will be prejudiced if the plaintiff is permitted to assert its rights; and (4) that the defendant operated in

4

good faith in its use of its marks. *Haggar Int'l Corp. v. United Co. for Food Indus. Corp.*, 906 F. Supp. 2d 96, 132 (E.D.N.Y. 2012); *see also RBC Nice Bearings, Inc. v. Peer Bearing Co.*, 410 F. App'x 362, 364 (2d Cir. 2010). If, however, the delay is longer than six years, there is a presumption of laches and the plaintiff bears the burden to show why laches should not be applied. *Vaad L'Hafotzas Sichos, Inc. v. Kehot Publication Soc.*, 935 F. Supp. 2d 595, 602 (E.D.N.Y. 2013) (citing *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187 (2d Cir. 1996)) ("When the delay is longer than the analogous statute of limitations, 'a presumption of laches will apply and plaintiff must show why the laches defense ought not be applied in the case.'").

It is apparent from the face of the First Amended Counterclaim that the presumption applies. PGW admits it had knowledge of Korg's allegedly infringing use of the PGW Guitar Design Marks that commenced in 1998, fifteen years prior to filing the First Amended Counterclaim. First Am. Countercl. ¶¶ 36-38. PGW also references three additional releases, beginning respectively in 2007, 2012 and 2013 and of unspecified duration, over those fifteen years where PGW was aware of Korg's allegedly infringing use of the same PGW Guitar Design Marks. *Id.* ¶¶ 40, 45, 49. PGW's lawsuit seeks relief for all such guitar sales by Korg dating back to 1998, having alleged that Korg's wrongful conduct as described in the First Amended Complaint is the basis for all four counts of the First Amended Counterclaim. *Id.* ¶¶ 56-57, 60, 63-72. Accordingly, it is clear from the face of the First Amended Counterclaim that PGW waited fifteen years to sue Korg *for the very relief it now seeks*.

Because the presumption of laches applies on the face of the First Amended Counterclaim, PGW must assert facts that demonstrate why laches does not apply. *See Fitzpatrick v. Sony-BMG Music Entm't, Inc.*, No. 07 Civ. 2933 (SAS), 2008 WL 84541, at *3 (S.D.N.Y. Jan. 8, 2008). Nowhere in its First Amended Counterclaim does PGW plead any facts

5

sufficient to plausibly avoid the presumption. "To rebut a presumption of laches in a trademark case, a plaintiff generally must show that a defendant has made recent inroads on the plaintiff's interests, such as by entering the plaintiff's geographic market, altering a mark to make it more similar to the plaintiff's, or extending a mark to goods or services that more directly compete with plaintiff's." *Solow Bldg. Co.*, 48 F. App'x 15, 15 (2d Cir. 2002) (internal citations omitted). PGW's First Amended Counterclaim alleges no such facts. Instead, PGW alleges the same unlawful conduct throughout the fifteen years – the use of PGW's Guitar Design Marks. First Am. Countercl. ¶¶ 36, 40, 45, 49. This conclusory allegation is insufficient to overcome the presumption of laches.

B. PGW Did Not Plead Around the Presumption

PGW may argue that it pled around this defect when it amended its counterclaim. PGW's original Counterclaim defined "Korg's Infringing Guitars" to encompass all four releases. Countercl. ¶¶ 47, 52, 59-60, 63, 68. By contrast, the First Amended Counterclaim defines only the 2012 and 2013 instruments as "Korg's Infringing Goods." First Am. Countercl. ¶ 49.

Yet PGW is coy about the significance of this edit, and never limits its request for relief to only those latter two releases. Instead, in the First Amended Counterclaim, all four releases by Korg still fall under the umbrella of "Korg's Unlawful Conduct," *id.* at p.13-15, and each of the four counts seek relief generally for Korg's "unlawful actions" and/or for the "acts of Korg" and/or "activities of Korg complained of herein." First Amended Countercl. ¶¶ 56-57, 60, 63-72. Moreover, none of the four counts limit recovery to the modified definition of "Korg's Unlawful Conduct," *id.* ¶¶ 60, 64, 69, 72, nor does the "Wherefore" clause. *Id.* p.17-18.

To be sure, even if PGW did limit its claim to the 2012 and 2013 releases, laches would still apply – as it would still be the case, as detailed in Korg's Complaint, that PGW did nothing

6

about its supposed claims for nearly two decades. But Korg concedes that if PGW were to allege to this Court that there was *no use* in the United States of any of its claimed marks *until less than six years ago*, then this issue would be more appropriate for summary judgment, where Korg would establish the falsity of that assertion. But again, the First Amended Counterclaim is not so limited. Instead, PGW is asking this Court for relief for conduct that started in 1998. This so clearly triggers the laches presumption that the issue is ripe for disposition at the pleadings stage.

II. **PGW Has Failed Adequately to Plead Infringing Use or Likelihood of Confusion For Its Trademark Infringement Claims**

There are no factual allegations that explain how Korg is using the purported PGW Marks or why it is likely to cause confusion. All PGW alleges regarding infringement of the PGW Guitar Design Marks for each of the four releases is that Korg sold guitars in "body shapes identical or substantially similar" to the body shapes used by PGW. *See* First Am. Countercl. ¶¶ 36, 40, 45, 49. Similarly, its allegations regarding infringement of the PGW Word Marks merely state that Korg's advertising in 2012 and 2013 "used" the marks. *See* First Am. Countercl. ¶¶ 46, 50. PGW then alleges in conclusory fashion that such use is "likely to cause and have caused confusion, mistake and deception among the general consuming public . . . ." *Id.* at ¶ 55; *see id.* at ¶¶ 62, 66. Under *Twombly/Iqbal*, these bare factual allegations does not suffice.

A. There are No Allegations of Infringing Use of the PGW Word Marks.

To prevail on its claims for infringement of the purported word marks PHANTOM and TEARDROP, PGW must plead facts showing that Korg used the word marks in commerce as a source identifier, in a manner likely to cause consumer confusion in respect of PGW. *See* 15 U.S.C. §§ 1114, 1125(a); *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, No. CV 11-3677 (ARL), 2013 WL 1209041, at *7 (E.D.N.Y. Mar. 25, 2013); *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 115 (E.D.N.Y. 2010). This is lacking.

7

In the original Counterclaim, PGW did not include any allegations of infringing use, and accordingly Korg sought dismissal on that basis. In amending its pleading, PGW's lone edit is to add two paragraphs, each allegations that Korg "used" the PGW Word Marks in its "advertising" in 2012 and 2013. First Am. Countercl. ¶ 46, 50. No specific facts or examples are provided, nor is any claim made that the words were in any way "used" as a mark and/or brand, or in any way as an indication of source, as opposed to, for example, mere descriptive use or other fair use.

These deficiencies require dismissal. PGW simply has not pled any facts showing infringement of the PGW Word Marks. Under *Twombly/Iqbal*, there is simply nothing in the Complaint to establish a plausible claim of word mark infringement.

   B. <u>There Are No Factual Allegations Supporting a Claim of Likelihood of Confusion</u>.

PGW's claims are deficient as to its claimed infringement of all PGW Marks, including the PGW Design Marks, because no facts plausibly supporting a claim of likelihood of confusion are present. As stated by this Court in a similar case earlier this year:

> Plaintiffs have failed to plead facts regarding likelihood of confusion that would state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 677. Plaintiffs' conclusory allegations that (1) defendant "Prym's copying of the ornamental design and overall appearance of Carson's SureGrip™ magnifier was intended to cause, and is likely to cause confusion ... as to the affiliation, connection or association of the products with Carson, or as to the origin, sponsorship or approval of the products by Carson," (Second Am. Compl, ¶ 78), and (2) defendant Jo–Ann Stores' "marketing, offering for sale and sale of a product that copied the ornamental design and overall appearance of Carson's SureGrip™ magnifier was intended to cause, and is likely to cause confusion ... as to the affiliation, connection or association of the products with Carson, or as to the origin, sponsorship or approval of the products by Carson," (Am.Compl, ¶ 60), are at best "naked assertion[s] devoid of factual enhancement," *Iqbal*, 556 U.S. at 677, and as such do not allow the Court to draw the reasonable inference that there is a likelihood of confusion.

*Carson Optical,* 2013 WL 1209041, at *15. Similarly here, PGW offers but a naked assertion that confusion is likely, merely parroting the language of the Lanham Act. Merely alleging that

Korg's product configuration is "substantially similar" to PGW's or that advertising uses the PGW Word Marks falls well short of supporting this allegation, and offers no more plausibility to PGW's claims than the allegation in *Carson Optical* that the defendant "copied" the plaintiff. *Id.* The fact that PGW owns registrations is beside the point; "a court should focus on the ultimate question of whether consumers are likely to be confused." *Id.* at 14.

In fact, this deficiency is even more pronounced here, where PGW admits in its First Amended Counterclaim that the designs of the guitars that both it and Korg sell are based on guitars from the 1960s. According to PGW, its guitar designs are derived from those of Jennings Musical Industries (JMI) in the 1960s, which made guitars of the same "Phantom" and "Teardrop" name and/or shape. First Am. Countercl. ¶¶ 11-15. PGW further alleges that JMI ceased use at the end of the 1960s, and PGW started to sell its guitars in the 1990s, followed shortly thereafter by Korg. First Am. Countercl. ¶¶ 16-17, 31-36. In such a situation, the more plausible inference, subject to clear factual pleading to the contrary, is that any consumer confusion among purchasers of guitars that replicate this historic design would involve association with the *original* product or its maker, not each other.

The Second Circuit has recognized the frailty of Lanham Act claims in this context. *See L. & J.G. Stickley, Inc. v. Canal Dover Furniture Co.*, 79 F.3d 258, 265 (2d Cir. 1996) ("In a case of exact reproductions of historical designs, we think that such an association [of the trade dress with the producer] presents a high hurdle to a Lanham Act plaintiff."). Although PGW has now pled that its guitars are not "*exact* reproductions," First Am. Countercl. ¶ 18 (emphasis added), it has not alleged that its guitars are not designed based on the JMI guitars or that Korg's guitars are not reproductions in general, which is the pertinent point in *Stickley*.

Accordingly, the First Amended Counterclaim should be dismissed.

### III. PGW Has Failed to Plead the Required Elements of an Unregistered Trade Dress Claim in Respect of the 1998 Guitars

In addition to the foregoing points, the First Amended Counterclaim also is defective to the extent that it seeks relief based on the PGW Guitar Design Marks prior to registration of those alleged marks. PGW alleges that its PGW Guitar Design Marks were not registered until September 30, 2003 (Teardrop) and October 5, 2004 (Phantom). First Am. Countercl. ¶¶ 24, 26. As noted, however, PGW alleges infringement of guitar and ukulele sales by Korg in four releases, commencing respectively in 1998, well prior to registration, as well as 2007, 2012 and 2013. *See id.* ¶¶ 36, 40, 45, 49.

"To plead a claim of trade dress infringement premised upon an unregistered product design . . ., a plaintiff must allege that '(1) the claimed trade dress is non-functional; (2) the claimed trade dress has secondary meaning; and (3) there is a likelihood of confusion between the plaintiff's goods and the defendant's.'" *Urban Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, No. 12 Civ. 3599, 2013 WL 866867, at *3 (S.D.N.Y. Mar. 8, 2013) (quoting *Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 F. App'x 389, 391 (2d Cir. 2003)).

PGW's First Amended Counterclaim does not allege that the PGW Guitar Design Marks are either non-functional or have secondary meaning. Thus, PGW has not adequately pled a claim under 15 U.S.C. § 1125(a) or state law for trade dress infringement prior to the dates of registration of the PGW Guitar Design Marks, and the First Amended Counterclaim should be dismissed to that extent.

### IV. PGW Has Not Stated a Claim for Common Law Unfair Competition

Count Four of PGW's First Amended Counterclaim fails for lack of pleaded actual confusion or bad faith. As explained by this Court:

> [U]nder New York law, "a plaintiff must show either actual confusion in an action for damages or a likelihood of confusion for equitable relief as well as make a

10

>showing of bad faith." [Lyons Partnership, L.P., 702 F.Supp.2d at 104 115 (E.D.N.Y. 2010)] (internal quotation marks and citation omitted). In sum, a common law unfair competition claim under New York law "is identical to a Lanham Act claim, save for the additional requirement that plaintiff show defendant's bad faith."

*Carson Optical, Inc.*, 2013 WL 1209041, at *7 (internal quotation omitted); *see also Empresa Cubana del Tabaco v. Culbro Corp.*, 399 F.3d 462, 485 (2d Cir. 2005).

Here, PGW seeks damages, First Am. Countercl. ¶¶ 72 & p. 17-18, but has not alleged any facts setting forth any actual confusion, except in an improper, conclusory fashion. Additionally, PGW does not allege bad faith, which is a prerequisite for equitable relief. At most, Count Four only incorporates by reference prior allegations, two of which state that Korg's conduct was "willful," *id.* ¶¶ 56, 63, but even if such statement could be equated with bad faith, no facts are pled to support that allegation. *Carson Optical, Inc.,* 2013 WL 1209041, at *9 ("[P]laintiffs' conclusory allegation that defendants sold "knock-off products," without proffering any facts to make that conclusion plausible, is insufficient to establish the bad faith requirement for a cognizable claim."). Accordingly Count Four of the First Amended Counterclaim is independently subject to dismissal.

## CONCLUSION

For the foregoing reasons, the Motion should be granted. Should the Court choose to convert this Motion to a summary judgment motion per Federal Rule of Civil Procedure 12(d), Korg respectfully reserves the right to provide additional evidence in support of its claims.

Dated: December 5, 2013

Respectfully Submitted,

**DRINKER BIDDLE & REATH LLP**

By:  */s/ Brian A. Coleman*
     Brian A. Coleman

1500 K Street, N.W.
Washington, DC 2005-1209
(202) 842-8800

Sonia H. Lee
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
(212) 248-3140

*Attorneys for Plaintiffs*
*VOX AMPLIFICATION LTD.*
*KORG INC.*
*KORG USA, INC.*